GARY RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Assistant United States Attorney
Arizona State Bar No. 016742
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

FILED _____ LODGED
_____ RECEIVED _____ COPY

FEB 1 3 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. | CR-24-00258-PHX-SMB (ESW) |
|---|---|---|
| Plaintiff, | | **I N D I C T M E N T** |
| vs. | VIO: | 18 U.S.C. § 371 (Conspiracy to Possess a Machinegun) Count 1 |
| 1.  Alfredo Macias, (Counts 1-3) | | |
| 2.  Daniel Galvan, and (Counts 1-3) | | 18 U.S.C. §§ 922(o) and 924(a)(2) (Possession of a Machinegun) Count 2 |
| 3.  Jesus David Vega-Rivera (Count 1) | | 18 U.S.C. § 933 (Trafficking in Firearms) Count 3 |
| Defendants. | | 18 U.S.C. §§ 924(d), 934, 981, and 982; 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

<u>**COUNT 1**</u>

From on or about January 31, 2024 through on or about February 9, 2024, within the District of Arizona, Defendants ALFREDO MACIAS, DANIEL GALVAN, and JESUS DAVID VEGA-RIVERA did knowingly and intentionally combine, conspire, confederate, and agree together and with persons, known and unknown to the grand jury, to commit offenses against the United States, that is: Possession of a Machinegun, in

violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## Purpose of the Conspiracy

The purpose of this conspiracy was to possess a machinegun.

## The Means and Methods of the Conspiracy

The means and methods employed by Defendants and their co-conspirators to carry out the conspiracy and effect its unlawful objects are as follows:

It was part of the conspiracy that Defendants and co-conspirators would possess a machinegun in the District of Arizona.

It was further part of the conspiracy that Defendants and co-conspirators would purchase a machinegun from other individuals.

It was further part of the conspiracy that Defendants and co-conspirators purchasing a machinegun would be compensated monetarily for their actions by other Defendants and co-conspirators.

## Overt Acts

In furtherance of the conspiracy, one or more of the co-conspirators committed, or caused to be committed, the overt acts described below:

1.     On or about January 31, 2024 through February 9, 2024, Defendants ALFREDO MACIAS and DANIEL GALVAN communicated regarding the purchase of a machinegun via telephone with an individual, unbeknownst to them, who was an undercover federal law enforcement agent.

2.     The communications included the number of machineguns to be sold (three); the price of the machineguns; and the time, date, and location of where the sale of three machineguns would take place.

3.     On February 9, 2024, in the District of Arizona, ALFREDO MACIAS and DANIEL GALVAN met with the undercover law enforcement agent. At that meeting, the undercover agent showed ALFREDO MACIAS and DANIEL GALVAN a machinegun. ALFREDO MACIAS and DANIEL GALVAN confirmed to the undercover agent that they had the money they agreed upon to purchase the machinegun(s).

- 2 -

4. On February 9, 2024, in the District of Arizona, JESUS DAVID VEGA-RIVERA was the driver of a vehicle that met with ALFREDO MACIAS and DANIEL GALVAN. Someone in the vehicle VEGA-RIVERA was driving gave a package to ALFREDO MACIAS. Immediately thereafter, ALFREDO MACIAS showed the undercover agent the agreed upon amount of money for the machinegun.

5. The undercover agent demonstrated the functionality of the fully automatic rifle (machinegun) to ALFREDO MACIAS and DANIEL GALVAN. ALFREDO MACIAS and DANIEL GALVAN both handled the machinegun.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

On or about February 9, 2024, in the District of Arizona, Defendants ALFREDO MACIAS and DANIEL GALVAN did knowingly possess a machinegun, to wit, a Saco, Mk-43, 7.62mm fully automatic rifle.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT 3

On or about February 9, 2024, in the District of Arizona, Defendants ALFREDO MACIAS and DANIEL GALVAN did receive from another person, in or otherwise affecting interstate or foreign commerce, a firearm, to wit: a machinegun, a Saco, Mk-43, 7.62mm fully automatic rifle, knowing or having reasonable cause to believe that such receipt would constitute a felony, or did attempt or conspire to do so.

In violation of Title 18, United States Code, Section 933.

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1–3 of this Indictment, which is incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d), 934, 981, and 982, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1–3 of this Indictment, the defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons

- 3 -

obtained, directly or indirectly, as the result of the offenses, and (b) any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense including, but not limited to the following property involved and used in the offense:.

1. $19,251.00 United States currency;

2. F.N., Model: Five-Seven, Caliber: 5.7x28, Pistol, S/N: 386414288;

3. Glock Inc., Model: 22GEN4, Caliber: 40, Pistol, S/N: XVY360;

4. Century Arms International, Model: VSKA, Caliber: 7.62x39, Rifle, S/N: SV7098495; and

5. Century Arms International, Model: VSKA, Caliber: 7.62x39, Rifle, S/N: SV7097666.

If any of the above-described forfeitable property, as a result of any act or omission of any defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

//
//
//
//
//
//
//

- 4 -

All in accordance with Title 18, United States Code, Sections 924(d), 934, 981, and 982; Title 21, United States Code, Sections 853 and 881; Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

_____
            /s/
FOREPERSON OF THE GRAND JURY
Date:  February 13, 2024

GARY RESTAINO
United States Attorney
District of Arizona


_____
            /s/
JACQUELINE SCHESNOL
Assistant U.S. Attorney

- 5 -