GARY M. RESTAINO
United States Attorney
District of Arizona
JOSEPH F. BOZDECH
Assistant United States Attorney
California State Bar No. 303453
Assistant United States Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Joseph.Bozdech@usdoj.gov
Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Alfredo Macias,<br><br>Defendant. | CR-24-00258-001-PHX-SMB<br><br>**MOTION FOR ORDER<br>OF FORFEITURE** |

Plaintiff United States of America moves for a preliminary order of forfeiture. A proposed order is submitted with this motion.

On July 2, 2024 defendant Alfredo Macias entered a plea of guilty to Count 2 of the Indictment, Possession or Transfer of a Machinegun in violation of in violation of 18 U.S.C. §§ 922(o) and 924(a)(2), a Class C felony offense. The following property is subject to forfeiture because it is property, real or personal, involved in the offense, or property traceable to such property involved in the offense:

F.N. (FN Herstal) .57 caliber Pistol, SN:386414288, (the "Subject Property").

Based upon the evidence set forth in the plea agreement, the United States has established the requisite nexus between the Subject Property and the offense for which the defendant has pled guilty. Accordingly, that property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 924(d), 981 and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

Rule 32.2(b) of the Federal Rules of Criminal Procedure provides that:

(1)(A) As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

(2)(A) If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and must be made part of the sentence and be included in the judgment. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

Upon the issuance of a preliminary order of forfeiture, the United States will publish notice regarding the Subject Property on the government's official internet website www.forfeiture.gov, and will send direct notice to any person, other than the defendant(s), having or claiming a legal interest in the property, advising such person of his or her right to file a petition contesting the forfeiture in accordance with 21 U.S.C. § 853(n) and Rule 32.2(c). This notice will state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the

petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, and the petitioner shall serve a copy upon **Joseph F. Bozdech**, Assistant United States Attorney.  The United States may also, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the Subject Property.

In accordance with 28 U.S.C. § 2461 and Fed. R. Crim. P. 32.2(b)(3), the United States requests that it be permitted to undertake whatever discovery is necessary to identify, locate or dispose of property subject to forfeiture, or substitute assets for such property.

WHEREFORE, the United States respectfully requests that this Court enter a preliminary order of forfeiture forfeiting to the United States the Subject Property.

DATED this 26th day of July 2024.

>GARY M. RESTAINO
>United States Attorney
>District of Arizona
>
> S/Joseph F. Bozdech
>JOSEPH F. BOZDECH
>Assistant United States Attorney

**CERTIFICATION**

I certify that on July 26, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant: counsel of record Jeffrey Allen Williams.

By: *S/Victoria Tiffany*
     U.S. Attorney's Office