1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

DISTRICT OF ARIZONA

8

United States of America,

9

Plaintiff,

**CR-24-00258-001-PHX-SMB**

10
11

v.

**ORDER OF FORFEITURE**

12

Alfredo Macias,

13

Defendant.

14        As a result of defendant's guilty plea to Count 2 of the Indictment, Possession or
15   Transfer of a Machinegun in violation of in violation of 18 U.S.C. §§ 922(o) and
16   924(a)(2), a Class C felony offense, the defendant agreed to forfeit all right, title and
17   interest in the following Subject Property:

18        F.N. (FN Herstal) .57 caliber Pistol, SN:386414288.

19        The Court has determined that the Subject Property is subject to forfeiture
20   pursuant to 18 U.S.C. §§ 924(d), 981, 982, 21 U.S.C. § 853 and 28 U.S.C. § 2461(c).
21   The government has established the requisite nexus between the Subject Property and
22   the offense to which the defendant pled guilty. The Court finds that the defendant has
23   forfeited all right, title and interest defendant may have in the Subject Property.

24        Upon the entry of this Order, the United States is authorized to seize the Subject
25   Property and to conduct any discovery to identify, locate or dispose property that is
26   subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3). Upon entry of this

27
28

Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

Any person asserting a legal interest in the Subject Property must, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of any alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the defendant's sentencing and shall be included in the sentence and judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought, and the petitioner shall serve a copy upon **Joseph F. Bozdech,** Assistant United States Attorney.

After the disposition of any motion filed pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

///

//

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated this 29th day of July, 2024.

Honorable Susan M. Brnovich
United States District Judge